## MORRIS v. PALMER.

1. CERTIORARI—FACTS.—In *certiorari* proceedings, findings of fact by the trial justice are conclusive upon the Circuit Court and the Supreme Court.

2. LANDLORD AND TENANT—EJECTMENT.—One who goes into possession of land as assignee of a tenant's lease for a definite term at a fixed rental, does not *go into possession* "either as a tenant at will or under a contract to serve, either as a common laborer or otherwise," and, therefore, cannot be ejected by the owner of the land under section 1938 of the Revised Statutes, which, being summary and stringent, cannot be applied to cases not strictly embraced within its terms, even if this tenancy had, subsequent to its inception, become converted into a tenancy at will.

3. LEASE FOR YEARS—PAROL LEASE—ESTOPPEL—TENANCY AT WILL.—A lease for a definite term having been assigned by the lessee to defendant with the landlord's consent, plaintiff (the landlord) and defendant prepared a new lease for the unexpired term, which was reduced to writing, signed by defendant, and delivered to plaintiff, who promised to sign it, but never did. *Held*, that plaintiff could not set up this latter agreement as a revocation of the former lease, and at the same time, by reason of his own failure to sign it, as operating to convert defendant's tenancy into a tenancy at will under the statute of frauds, Rev. Stat., sec. 2149.

Before BUCHANAN, J., Abbeville, March, 1895.

This was a proceeding instituted on January 5, 1895, by B. F. Morris, under section 1938 of Revised Statutes, to eject J. F. Palmer from certain lands. The judgment of R. E. Cox, Esq., the trial justice, in favor of the respondent was brought in review before the Circuit Judge under a writ of *certiorari*. The trial justice certified to the court the proceedings before him and his judgment, which, after stating the facts, repeated in the opinion of this court, held as follows:

The testimony is clear that the defendant went into possession of plaintiff's land by virtue of contract with B. E. Gibert. Did the defendant buy B. E. Gibert's lease? If so, did defendant pay Gibert 400 pounds of lint cotton, and the use of a

dwelling, for the two years, besides paying to plaintiff the annual rental? On this point the testimony is not disputed. The defendant might be considered a tenant at will, or holding under parol lease with B. E. Gibert. However, this question is not before the court for consideration. The defendant having shown sufficient cause why he should not be ejected from said premises, it is ordered and adjudged, that he be allowed to retain possession of said premises until the expiration of Gibert's lease.

Subsequently, the trial justice further certified to the Circuit Court as follows:

Palmer introduced evidence tending to establish, and which did establish to my satisfaction, a regularly executed written lease of the premises in dispute from Morris to one Benjamin Gibert for the period of two years, and longer if desired. Parol evidence of this lease was offered after it had been shown that the said Palmer had given to the said Morris, in whose custody the instrument was, due written notice to produce it upon the trial, and he having refused or failed to do so, claiming that he had burnt it, as the evidence will show. I further certify that at the said trial the defendant, Palmer, proved and introduced in evidence a regularly executed written assignment and transfer from the said Gibert to the said Palmer of the lease from Morris to Gibert. That at the conclusion of the said trial the said instrument was returned to the said Palmer, as it was thought that he was entitled to the custody of the same; for this reason the said assignment or transfer was not included in the record sent up in response to the writ of certiorari.

The order of Judge Buchanan was as follows:

This case comes up on the return (and a voluntary amended return) to the preliminary order issued by me at chambers. It being of that class of cases triable before a trial justice, wherein there is no provision for appeal made by the statute, a remedy to correct errors below is sought by an application to the efficiency of a writ of certiorari. The power in this court at chambers is expressly given by act of December 18th, 1891 (20 Stat., 1123), and now a part of section 2247 of the Revised

Statutes of 1893, vol. 1, passed, no doubt, in answer to the objections made in *State ex rel. Cannady* v. *Black*, 34 S. C., 194.

The contention of the plaintiff is, that the occupancy of the defendant is that of a tenant at will. "An estate at will is where lands and tenements are let by one man to another to have and to hold at the will of the lessor." 2 Bl., 145; 4 Kent, 111: "It was determined very anciently by the common law, and upon principles of justice and policy, that estates at will are equally at the will of both parties, and neither of them was permitted to exercise his pleasure in a wanton manner, and contrary to equity and good faith." 4 Kent, 111. The policy that construes what would once have been construed terms of a tenancy at will into a tenancy from year to year is inexorable and continuous, and is in keeping with an enlightened public regard for the welfare of both parties. The tendency to such modern construction may be understood when a leading authority upon the subject says of it, "the reservation of annual rent is the leading circumstance that turns such an uncertain estate into that of a lease from year to year. If the tenant be placed on the land without any terms prescribed or rent reserved, and as a mere occupier, he is strictly a tenant at will." The inference being logical and irresistible, that if there be terms prescribed and rent reserved certain and definite, the tenancy is not that of a tenant at will, the certainty of continuance is assured.

In the light of this rule, let us look into the evidence and see what is the holding by the tenant now, and as necessary to such inquiry let us examine into his entry into this land, for it is a general rule that a tenancy once shown to exist will be presumed to continue so long as the tenant remained in possession. It appears there were two contracts sought to be proved before the trial justice, or rather a double liability growing out of the same transaction. The defendant agreed to take an assignment of the lease executed by the plaintiff and one B. E. Gibert, by which, in consideration of a certain amount of cotton and the occupancy of certain dwelling, the interest of Gibert was transferred to the defendant. The defendant being solicitous of his holding, and with a view of getting the land-

lord to recognize him as his tenant, entered into a special contract, promising the payment of certain rent. It is to be noted that the date of this latter instrument is 4th of January, 1894, and contemplates the termination of the tenancy on the 1st day of January, 1896—a two years' lease. It is also remarked that, although it purports to be an agreement for two years, and the defendant carried it into effect, it is signed by the tenant alone—the landlord, although having promised to sign it, has omitted to do so.

The trial justice found as matter of fact that the defendant was the tenant under Gibert's contract, and was in possession by right. If the defendant is under a valid contract, it matters little whether it be Gibert's or his own. It is contended that, inasmuch as the contract was signed by the defendant here alone, it is, indeed, no valid lease, but a tenancy at will. The paper in other respects is certain and definite, both as to the time of the lease and the rental to be paid therefor. If this be so, and the parties have gone into possession of their respective rights under the provisions of the paper, it is a contract executed and binding. And the writing of the plaintiff expressly reciting the receipt of the rent in full for the year 1894, shows the payment and possession by and in the defendant. Under these facts, such tenancy is not a tenancy at will, but is one for two years under the terms of the holding. The landlord is bound in the same manner that the tenant would be bound if the tenant had omitted to sign the lease and had allowed the landlord to sign alone—for "if a tenant take possession and occupy under a written memorandum for a present demise which he has never signed, it seems that he shall be presumed to hold upon the terms specified in such memorandum." 1 Chit. Cont., p. 453 (edit. 1874).

So, upon either view of the matter, the decision of the trial justice refusing to eject the defendant should stand—the question being not whether he is an assignee or lessee of Gibert, a lessee of plaintiff merely, but whether or not he occupies such an estate as comes within the section invoked. Let the writ be discharged with costs.

The plaintiff appealed, on the following grounds:

1. In holding that the paper in the form of a lease signed by the defendant, Palmer, alone, is a contract executed and binding, and that the tenancy was not one at will, but one for two years under the terms of the holding. 2. In not holding that the lease, being signed by one party only, amounted to no more than a parol lease, which did not give the tenant the right to hold for a longer period than twelve months, under the express terms of section 1932 of the Revised Statutes. 3. In not holding that under section 2149 of the Revised Statutes all estates or interest in lands not put in writing and signed by the parties, shall have the force and effect of estates at will only, and in not holding that the estate in this case was only an estate at will, under the express terms of said section. 4. In not holding that the trial justice had committed error of law in refusing to pass upon the effect of the lease signed by Palmer, and in not reversing the judgment of the trial justice and ordering him to issue a warrant to put the plaintiff in possession of the land in dispute. 5. Because of error in holding that if a tenant be put into possession of land under prescribed terms and definite rent reserved, that he is not a tenant at will, thus ignoring the express terms of sections 1938 and 2149 of the Revised Statutes, which lays down the law of this State. 6. In holding that the defendant was rightfully in possession of the premises in dispute because he went in originally by virtue of an agreement with the plaintiff, although the statute is express that all parol agreements shall only last one year. 7. In holding that the receipt of the rent for the year 1894 by the plaintiff would have the effect of making the holding a tenancy from year to year.

*Messrs. Graydon & Graydon*, for appellants.

*Mr. Frank B. Gary*, contra.

Sept. 3, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. In this case the plantiff, on the 27th January, 1895, instituted proceedings under section 1938 of the Revised Statutes of 1893, to eject defendants from

the possession of certain premises belonging to plaintiff, upon the ground that they were in possession as tenants at will only. The case below turned upon the question as to whether the defendants, or rather, the principal defendant, Palmer (the other defendants being probably his employees), was a tenant at will of plaintiff.   Upon hearing the return to the rule to show cause, the trial justice held, substantially, that Palmer was not a tenant at will, and refused to issue his warrant for the ejectment of said Palmer.   Thereupon the plaintiff applied for and obtained from his honor, Judge Buchanan, a writ of certiorari, requiring the trial justice to certify to him all the proceedings in the cause.   To this writ, the trial justice made his return and amended return, as set forth in the "Case;" and the case was heard by the Circuit Judge upon said return, who rendered the judgment set out in the "Case," affirming the action of the trial justice, and dismissing the writ of certiorari. From this judgment plaintiff appeals upon the several grounds set out in the record, which, together with the return of the trial justice and the judgment of the Circuit Judge, should be incorporated in the report of the case.

The facts, as found by the trial justice, may be stated substantially as follows: That plaintiff, being the owner of the premises in question, duly executed a lease in writing with one Gibert for the lease of said premises for the term of two years, ending on the 31st December, 1895, said lessee to have the refusal of the premises for another term at the expiration of said lease; that after the execution of said lease, the said Gibert rented said premises to the defendant, Palmer, upon certain terms which were duly complied with, and executed to said Palmer, in writing, an assignment of his lease from plaintiff, with the knowledge and consent of the plaintiff, as the testimony of the plaintiff himself shows; that after this trade or transaction between Gibert and Palmer, the plaintiff and Palmer agreed to enter into a lease identical with that of the plaintiff and Gibert, and a lease was so drawn and signed by Palmer and turned over to plaintiff, who promised to sign it but never did so; and that the defendant went into possession of the land under his contract with Gibert.   These findings of fact by the

trial justice are, in *certiorari* proceedings, final and conclusive both upon the Circuit Judge and this court. *State ex rel Sawyer* v. *Fort*, 24 S. C., 510, recognized and followed in *Charles* v. *Byrd*, 29 *Id.*, at page 558.

One of these findings of facts, to say nothing of other points in the case, to wit: that Palmer went into possession of the land under his contract with Gibert, is absolutely conclusive of the correctness of the conclusion reached by the trial justice, and concurred in by the Circuit Judge. For section 1938 of the Revised Statutes reads as follows: "When any person has gone, or shall hereafter go, into possession of any land of another, either as a tenant at will or under a contract to serve, either as a common laborer or otherwise, &c." The remedy provided for by that section may be applied for and obtained whenever such person shall refuse or neglect to quit the premises so occupied, when required by the person letting the same." Now, under such finding of fact, it is very certain that Palmer did not go into possession of the premises as the tenant at will of the plaintiff, but, on the contrary, he went into possession under his contract with Gibert, and hence the provisions of that section do not apply.

It will be observed that this is a special statutory provision of a somewhat stringent and summary character, and, under the well settled rule, can only apply to cases falling strictly within the terms of the statute. It cannot, therefore, be applied to a case where a person has not gone *into possession* as a tenant at will, or under a contract to serve as a domestic servant or common laborer, or otherwise; but to render this section applicable, it must be shown that the person to whom it is sought to be applied has *gone into possession* as a tenant at will, &c. If the person goes into possession as a trespasser, then the remedy provided by section 2432 of the Revised Statutes must be resorted to; or if he undertakes to hold over after the expiration of his lease, then there are other sections of the Revised Statutes which afford appropriate remedies. So that, even if we were disposed to hold, under the evidence in this case (as we must say that we are not inclined to do), that the abortive agreement to enter into a lease between the plaintiff and the

defendant, *after the latter had gone into possession under his contract with Gibert*, had the effect of converting the defendant into a tenant at will of plaintiff, the provisions of the statute under which this proceeding was instituted would not apply, for the reason that the facts do not bring this case within the terms of that statute.

We need not, therefore, enter into any inquiry as to the effect of the agreement between plaintiff and defendant to enter into a new lease, identical in terms to that to Gibert, which had been duly assigned to Palmer, with the plaintiff's consent, which had not only been drawn but actually executed by the defendant, but not signed by the plaintiff simply because he failed, without any reason or excuse, so far as appears, to keep his promise to sign it. For if, as claimed by appellant, his failure to sign the new lease rendered it absolutely void, then the whole attempt to enter into a new contract between plaintiff and defendant must be regarded as having failed, and the defendant must be considered as being in possession, as assignee of the lease to Gibert, and entitled to hold the same, at least until the 31st day of December, 1895. Surely the appellant cannot be permitted to claim the benefit of a *part* of the arrangement made with defendant and repudiate the other part, which failed of legal effect simply because of plaintiff's unexplained refusal or neglect to sign the new lease after promising to do so. He cannot be permitted to say that the parol agreement to enter into a new lease not having been reduced to writing, and signed by the parties, had the effect of constituting the defendant a tenant at will, when the undisputed evidence shows that such agreement was put in writing and actually signed by one of the parties, and not signed by the other—the appellant himself—simply because of his unexplained refusal or neglect to keep his promise to do so. The whole arrangement for a new lease must either be entirely ignored or it must be regarded as having been carried into full force and effect according to the manifest intention of the parties at the time. Any other view would, it seems to us, be subversive of every principle of law and justice, and cannot be sanctioned by this court. We think, therefore, that in

view of the case, the judgment appealed from must be sustained.

The judgment of this court is, that the judgment of the Circuit Judge be affirmed.