9136

CAROLINA, C. & O. RY. OF S. C. v. WORLEY.

(86 S. E. 820.)

EJECTMENT OF TENANTS AT WILL. CERTIORARI. LANDLORD AND TENANT. JURISDICTION.

1. EJECTMENT OF TENANTS AT WILL—CERTIORARI.—Findings of fact by a magistrate's Court in a proceeding under Civil Code, sec. 3508, for ejectment of a tenant at will, cannot be reviewed on *certiorari*, nor the sufficiency of the evidence questioned.

2. LANDLORD AND TENANT—EJECTMENT PROCEEDINGS.—In ejectment proceedings under Civil Code, sec. 3508, a tenant at will, who entered under the defendant in condemnation proceedings, cannot dispute the title acquired by a railroad corporation petitioner in such proceedings, or question the jurisdiction of the Court.

Before SMITH, J., Spartanburg, April, 1915. Affirmed.

Proceedings under Civil Code 1912, sec. 3508, by Carolina, Clinchfield and Ohio Railway of South Carolina, against J. V. Worley. From an order on proceedings in *certiorari,* affirming the order of the magistrate's Court, the defendant appeals on the following exceptions:

1. Because his Honor erred in not sustaining the second ground of demurrer to the notice, as follows: Because it appears from the affidavit that the alleged landlord is acting in violation of the terms of its charter and the condemnation proceedings by which said premises were acquired, and the act of such landlord is *ultra vires* and beyond the power and authority conferred upon the alleged landlord.

Because his Honor erred in not sustaining the third ground of demurrer, to wit: Because it does not appear from the alleged notice to show cause that the C., C. & O. Ry. of S. C. is demanding said premises for railway purposes in compliance with the terms of this charter.

Because his Honor erred in not sustaining the fourth ground of demurrer, to wit: Because it does not appear from the alleged notice to show cause that the alleged landlord . had demanded the premises described in the alleged notice to show cause for railway purposes or for the purpose of constructing a railroad thereon.

Because his Honor erred in not sustaining the fifth ground of demurrer, to wit: Because it does not show upon the face of the alleged notice to show cause that the Court of magistrate has jurisdiction to determine the issues herein, to wit: (a) The corporate power and authority of the alleged landlord; (b) because an ejectment proceeding had no power to determine the nature of the ownership or title . of the alleged landlord, the C., C. & O. Ry. of S. C.

2. Because his Honor erred in not sustaining the demurrer and discharging the notice to show cause, on the ground of jurisdiction; and that said notice showed upon its face that the magistrate's Court had no jurisdiction.

3. Because his Honor erred in not dismissing the proceedings on appellant's first ground of dismissal, to wit: Because it does not appear that this is a case of tenancy at will, as provided in section 3508, volume I, Code of Laws South Carolina.

4. Because his Honor erred in not dismissing the proceedings on appellant's second ground, to wit: Upon the ground that the C., C. & O. Ry. of S. C. have no land and own no tenement, and for that reason cannot move in this Court under section 3508 of the Code.

5. Because his Honor erred in not dismissing the proceedings on appellant's third ground of dismissal, to wit: Because there is no testimony that Worley is a tenant at will, or under contract to serve another, either as a domestic servant, laborer, or otherwise, and, unless such is the case, the Court has no jurisdiction under section 3508.

6. Because his Honor erred in holding under the evidence that the appellant was a tenant at will, and in not finding that the appellant was a tenant for an agreed period, to wit: until necessary to tear down the building occupied by appellant (and who had paid rent therefor by tearing down and removing the old Southern Cafe) in order to lay down additional tracks, as agreed upon between the railroad and the appellant, and until such time the building belonged to the appellant.

The facts are stated in the opinion.

*Mr. J. C. Otts,* for appellant, submits: *One not the owner of a fee cannot maintain an action of ejectment. The remedy for interfering with an easement is indictment. The true test of the action of ejectment seems to be that the thing claimed should be a corporeal hereditament. Civil Code, section 3508, is a summary remedy, and must be strictly construed, and limits such actions to owners of lands and tenements. The petitioner here is neither, and simply owns an easement, and for that reason can not proceed under sec-*

*tion 3508 (Acts of 1866, p. 408): 1 S. C. 256; 18 Barb. 484. It has been repeatedly held that the owner of the fee can bring an action of ejectment. Under section 3299 the fee remains in the owner of the lands, after condemnation, and only an easement is vested in the party condemning. If the right of ejectment belongs to the owner of the fee, it is clear that such right can not be vested in the owner of the easement: 46 Atl. 1096; 134 Mo. 392; 24 N. Y. 655; 170 Ill. 513. Ejectment does not lie for a right of way, or other easement: 24 Cal. 474; 40 Mich. 232; 48 N. H. 105; 54 N. W. 505. There are a few cases where a railroad has been permitted to maintain an action of ejectment to recover a right of way; but an examination of the cases will show, we think, in every case, that it was by virtue of a special charter or act of the legislature the railroad company held the fee to the land: 71 Vt. 84. The rule is a railway company can not use or authorize the use of land for any purpose for which it could not condemn: 2 Mills, Eminent Domain, sec. 584; 93 A. Dec. 722; 60 S. C. 381. Under 26 S. C. 208, it is expressly held that the jurisdiction must appear upon the face of the petition. Indictment being the remedy for interfering with an easement the magistrate, it is respectfully submitted, on a notice to show cause, under sec. 3508, acquired no jurisdiction: 61 S. C. 25; 54 S. C. 294. The third and fourth exceptions charge error in the magistrate holding this was a case of tenancy at will. We think this can be demonstrated by showing that the petitioner under its charter can not legally assume the position of a landlord. If there is no landlord, there can be no tenant. Again the petitioner has only an easement, and there can be no tenant of an easement, and the plaintiff can not be the owner, either of lands or tenements.*

*Messrs. Carson & Boyd and Nicholls & Nicholls, for respondent, submit: The function of certiorari is solely to determine whether or not errors of law had been committed*

*by the magistrate, or whether jurisdictional questions were involved. In ejectment proceedings the facts "can not be reviewed either by certiorari or any other process; whether wisely so or not, they are final with the inferior Court:" 24 S. C. 519; 29 S. C. 558; 44 S. C. 467. As to magistrate's jurisdiction: 26 S. C. 211, 212; 24 S. C. 508, 509; 32 S. C. 148, 149; 81 S. C. 466; 79 S. C. 141. There are four affirmative reasons why defendant's defense, that plaintiff cannot eject him because it is a railroad corporation, does not obtain: 1. The defendant cannot, after having received the benefits of a contract, avoid the same upon the ground that it was an illegal contract. If it was wrong and illegal in its inception, it was the defendant's wrong, which he can not now take advantage of: 1 Bail. L. 315; 28 S. C. 463, 465; 85 S. C. 134; 33 Cyc. 190. 2. It is a well recognized principle of law, since our first statutes on the subject of landlord and tenant, that a tenant can not be heard to dispute title of one from whom he has tenancy: Chevis 100; 4 Rich. L. 592; 1 N. & McC. 371; 4 Strob. 196; 7 Rich. L. 188; Ib. 355; 40 S. C. 178. 3. The limitations upon a railroad company's rights in a right of way, whether purchased or condemned, can not be raised by a third party who has no interest in the land, except in questions of public policy: 41 S. C. 406; 15 Cyc. 578; 6 L. R. A. 116. 4. Under condemnation proceedings, the railroad acquires such a right in the property as enables it to eject occupancy thereof to recover possession: Lewis, Em. Domain (3d ed.), sec. 930; 107 U. S. 188; 41 S. C. 406.*

July 21, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This appeal questions the jurisdiction of the magistrate's Court to eject the defendant from certain premises in Spartanburg county at the suit of the Carolina, Clinchfield and Ohio Railway of South Carolina. The magistrate gave

judgment in favor of the petitioner, a writ of *certiorari* was sued out and case heard on return to the writ in the Court of Common Pleas, and judgment of magistrate's Court affirmed. From this judgment, defendant appealed.

1    Exceptions 3, 4, 5, and 6 question the sufficiency of the testimony, and a writ of *certiorari* is solely for the purpose of determining whether or not errors of law have been committed by the magistrate, or whether jurisdictional questions are involved; and in ejectment proceedings the facts can not be reviewed by *certiorari* or any other process, whether wisely so or not, they are final with the inferior Court. *Sawyer* v. *Fort,* 24 S. C. 519; *Charles* v. *Byrd,* 29 S. C. 558, 8 S. E. 1; *Morris* v. *Palmer,* 44 S. C. 467, 22 S. E. 726. These exceptions are overruled.

Exceptions 1 and 2 in various ways question the jurisdiction of the magistrate. The appellant is in no condition to question the right of respondent. Green was the owner of the land. The appellant went into possession of

2    building on the premises as a tenant of Green, and paid Green rent, until the building was condemned at the instance and suit of railroad. Since that time he has paid rent to no one. When action was commenced against him he insisted that he was a tenant of Green, and asked that Green be made a party to the proceeding, which was done, and Green repudiated the idea that he was the landlord and Worley his tenant. When defendant went in as tenant of Green, Green unquestionably owned the land and building. The railway acquired Green's interest by condemnation for an easement, and thereby acquired Green's interest therein, and the defendant can not dispute Green's title, who was his landlord when he acquired possession of the premises, nor that of the railway, which acquired Green's interest by condemnation proceedings for an easement. Green makes no claim. He is satisfied for the railroad to have it. The defendant gets into possession of the property as Green's tenant. Green's interest is disposed of to rail-

road.    The defendant has no interest in the land or rail-
road; he is not the tenant of railroad and no longer the ten-
ant of Green.    It does not make any difference to him
whether Green or railroad owns the property or own it
jointly, he has no interest in it and is in no condition to
question the rights of either.    He is a trespasser and inter-
loper, now in possession of property without right or author-
ity, holding it, as it were, "by one set of teeth and two sets
of nails."    He is not interested in the land, and it is not for
him to say that in condemning the land for an easement the
railroad transcended its power, in order that he may retain
possession of property that he has no right or title to, and
be allowed practically to dispute his landlord's title.    All
exceptions are overruled.

Judgment affirmed.