13449

EX PARTE WINGATE

(165 S. E., 176)

*Messrs. Logan & Grace,* for petitioner.

*Messrs. A. R. McGowan* and *W. D. McGowan,* for respondent.

July 14, 1932.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

Elias S. Wingate, long a resident of the City of Charleston, died in the City of Savannah, Ga., whence he had removed shortly before his death. He had two sons; Philip, the petitioner herein, resided in Charleston, and Charles B., the respondent herein, resided in Savannah. The legal title to the home at No. 6 Reid Street, Charleston, had been for many years in the name of Elias S. Wingate, at which home he and Philip Wingate had resided for more than twenty years. Philip paid no rent and no relation as landlord and tenant existed between them. Shortly before Elias S. Wingate moved to Savannah, his son Philip had married and the relations between father and son appeared to have become somewhat strained.

Some time after his removal to Savannah, Elias S. Wingate issued and delivered to his son Charles B. Wingate a deed to the property at No. 6 Reid Street, the consideration being $10.00 together with necessary care and attention for the grantor as long as he should live. This deed was dated August 23, 1929.

On April 3, 1930, Charles B. Wingate secured from Magistrate Rhett a notice in ejectment directed to Philip Wingate, requiring the said Philip Wingate to show cause within ten days before the Civil and Criminal Court of the City of Charleston why he should not be ejected from the

premises; it appearing by the notice to quit that Philip Wingate was a tenant at will and had refused to vacate after demand.

To this notice Philip Wingate made return in which he denied that his brother, Charles B. Wingate, was the owner of the property and alleged that the title to the property would come into question in the ejectment proceeding. He further offered to the Court a written undertaking obligating himself to admit service upon himself of the summons and complaint in an action which Charles B. Wingate might bring against him in the Circuit Court. This offer was refused, the petitioner ordered to file an amended answer, and the trial ordered to proceed under the ejectment notice. The petitioner herein filed an amended answer in which he claimed title to the property, denied that he was a tenant at will, and alleged want of jurisdiction on the part of the trial Court. Testimony was taken and the decision was held up for nearly two years; in the meantime, Elias S. Wingate died. The decision was in favor of Charles B. Wingate and an order was passed that the writ should issue. Upon the filling of this order, Philip Wingate applied to this Court, in its original jurisdiction, for a writ of prohibition to halt further proceedings in the case and for a rule against Paul M. Macmillan, Judge of the Civil and Criminal Court of Charleston, and Charles B. Wingate to show cause before this Court why they should not be restrained from further interference with the possession of Philip Wingate. Upon this petition and rule to show cause the case is before us.

The petition resolves itself into the sole question of whether or not the Civil and Criminal Court of Charleston had jurisdiction to try the proceeding in ejectment. If so, the petition for a writ of prohibition should be denied; if not, the writ should be granted.

Section 277, Code of 1932, fixes the jurisdiction of the Civil and Criminal Court of Charleston and provides that the "jurisdiction shall not extend to cases where the title to real estate is in question, nor to cases in chancery."

Based upon that statute, the petitioner claims that the Court was without jurisdiction for the two reasons that the title to the real estate known as No. 6 Reid Street was in question and that this is a case in chancery.

In support of his first contention he says that he paid the purchase price for the land and that the title was taken in the name of his father; that he and his father lived there together for about twenty years; that his father fully recognized the facts and knew that the lot belonged to petitioner; that no rent was paid by anyone; that in recognition of the rights of petitioner, his father promised to leave the property to petitioner by his will and actually executed a will to that effect. He, therefore, claims to be the equitable owner. His contention in this respect is, although it is not so stated, that having paid the purchase price, a resulting trust arose in his favor and that his father held the legal title in trust for him.

In support of his second contention the petitioner contends that his claim of being the equitable owner makes this case a suit to try the title and his title, if any, being an equitable one, the suit becomes one in chancery.

The trial Judge evidently recognized it as such, for, in his order permitting the writ of ejectment, he says: "There is no doubt that the legal title is in Charles B. Wingate, and unless there is sufficient testimony to sustain the contention of Philip Wingate that he is the equitable owner, the plaintiff is entitled to possession. * * * I do not find such evidence as to support an equitable title in Philip Wingate."

It is thus perfectly apparent that the cause was decided against Philip Wingate solely upon the issue of his claim of equitable ownership. This finding by the trial Judge embraces both statutory inhibitions, in that he determines the question of title upon the equitable or chancery issue. The statute does not invest the Civil and Criminal Court of Charleston with jurisdiction in either questions of title to real estate or in chancery, and the as-

sumption of jurisdiction in both of these matters by the trial Judge was unquestionably without authority of law.

We might very readily close this opinion at this point, but in view of the earnestness with which this cause has been presented it may not be amiss to discuss the matter at greater length.

The writ of prohibition, like other writs of a more or less drastic nature, should only be issued where the reason therefor is plain and caution should always be exercised. However, the writ is permissible to prevent the improper assumption of jurisdiction. *Ex parte Jones,* 160 S. C., 63, 158 S. E., 134, 77 A. L. R., 235.

This proceeding was brought under Section 8812, Code of 1932, and was based upon the allegation that Philip Wingate was a tenant at will. In cases of ejectment upon this stated ground the Court must first determine, as a matter of fact, whether or not the case comes within the provisions of the statute; he must find that a tenancy at will did actually exist. *Morris v. Palmer,* 44 S. C., 462, 22 S. E., 726. In the present case this essential finding was not referred to in the order of the trial Judge. Under the facts of this case it is difficult to understand how it could be determined that a tenancy at will ever existed. There was no proof that a rental contract was ever entered into between Philip Wingate and his father and, therefore, no basis exists for the presumption of the continuation of a fact until the contrary is shown. Nor was there any proof of a rental contract between Philip Wingate and Charles B. Wingate. The very nature of the claims of ownership, the one by an equitable title and the other by a paper title, negatives all idea of a contract of tenancy at will or otherwise. The case of *Hampton Park Terrace v. Sottile,* 102 S. C., 372, 86 S. E., 1066, cited by the respondent as authority for the position that the petitioner herein was a tenant at will, is not applicable to this case.

If any misunderstanding as to the law may have resulted from decisions in some of the earlier cases, the opinion of

Mr. Justice Marion in the case of *Stewart-Jones Company v. Shehan,* 127 S. C., 451, 121 S. E., 374, should certainly compose all differences. His review of the cases in that opinion is most thorough and has afforded a most firm foundation for the conclusions herein reached.

It is the judgment of this Court that the writ of prohibition be, and the same is hereby, granted.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.