17999

HAVERTY FURNITURE COMPANY, INC., of CHARLESTON, Respondent, v. John M. WORTHY, Charleston Moving & Storage Company, Inc., Frank J. Sottile, Tommie Lee Sottile, and J. C. Long, Co-partners in Trade under the firm name and style of Worthy Agency, a Partnership, and Vincent Sottile, of whom Frank J. Sottile, Tommie Lee Sottile, and J. C. Long, Co-Partners in Trade under the firm name and style of Worthy Agency, a Partnership, and Vincent Sottile, are Appellants.

(128 S. E. (2d) 707)

*W. Turner Logan, Esq.,* of Charleston, *for Appellants,*

*Messrs. Sinkler, Gibbs & Simons*, of Charleston, *for Respondent,*

December 4, 1962.

LEWIS, Justice.

This is an action in claim and delivery commenced in The Civil and Criminal Court of Charleston by the respondent Haverty Furniture Company, Inc., in which judgment is sought for the possession of certain furniture and appliances sold by it to one John M. Worthy under two conditional sales contracts or, in the alternative, for the sum of $605.00, the alleged value of the property, in the event possession cannot be had. The action was brought against the said John M. Worthy, the Charleston Moving and Storage Company, Inc., the owner of a warehouse to which the mortgaged property had been removed, and the appellants Frank J. Sottile, *et al.* who, as agents for Worthy's landlord, had levied a distress for rent in arrears against the property.

The only appearance, reflected by the record, by any of the defendants was by the appellants Frank J. Sottile, *et al.* who interposed a demurrer to the complaint and also moved to

strike therefrom certain allegations. From adverse rulings by the lower court on their demurrer and motion, they have prosecuted this appeal. The controversy here is solely between the respondent (plaintiff), claiming a right to possession of the property in question by reason of default by John M. Worthy in the terms of respondent's conditional sales contracts, and the appellants (defendants), claiming a right to possession of the property by virtue of their levy thereon of a distress for rent in arrears.

The first question to be decided arises under the demurrer and concerns the jurisdiction of the trial court. This action was instituted in The Civil and Criminal Court of Charleston and, under the terms of Section 15-1502 of the 1952 Code of Laws, it is specified that the jurisdiction of that court "shall not extend * * * to cases in chancery * * *." The demurrer of appellants was interposed upon the ground that it appears from the face of the complaint that the court had no jurisdiction of the controversy between the respondent and the appellants in that the issues to be determined between them were equitable in nature and were, therefore, specifically excluded from the jurisdiction of The Civil and Criminal Court of Charleston by the foregoing statute.

We think that the lower court properly overruled the demurrer, holding that only legal issues were raised by the pleadings and that The Civil and Criminal Court of Charleston had jurisdiction of the cause.

Appellants properly concede that this is an action in claim and delivery and that such action is one at law. *Gregory v. Ducker,* 31 S. C. 141, 9 S. E. 780; *Middleton v. Robinson,* 202 S. C. 418, 25 S. E. (2d) 474.

However, while conceding that this action is one at law, appellants contend that the complaint raises equitable issues which are excluded from the jurisdiction of the trial court by Section 15-1502, *supra.* If equitable issues are raised, although the action is one at law,

the trial court, under the foregoing statute, would not have jurisdiction to determine such issues. *Ex parte Wingate,* 166 S. C. 440, 165 S. E. 176. The complaint must, therefore, be examined to determine the nature of the issues involved, that is, whether legal or equitable.

The complaint alleges that respondent holds conditional sales contracts over the property in question, one covering part of the property, dated March 10, 1961 and recorded the same day, and another covering the remainder, dated November 12, 1961 and recorded November 20, 1961, the conditions of which have been broken. It is further alleged that appellants filed a distress for rent against the property on November 15, 1961 and the possession thereof was withheld from respondent because of the claim of the appellants that the distress for rent entitled them to legal possession of the property. As to the conditional sales contract dated November 12, 1961 and recorded November 20, 1961, the complaint alleges that, although that contract was not recorded until after the distress for rent on November 15, 1961, appellants had actual notice of such sales contract prior to the filing of the distress for rent.

Under well settled principles, the foregoing allegations are admitted for the purposes of demurrer.

We see no equitable issue presented under the allegations of the complaint. This action in claim and delivery is an action at law and governed by statute. Section 10-2501 *et seq.* of the 1952 Code of Laws. The claim of appellants to the property rests solely upon their lien for rent based upon the exercise of the right of distress in accordance with statute. Section 41-151 of the 1952 Code of Laws; *Burnett v. Boukedes,* 240 S. C. 144, 125 S. E. (2d) 10. The issue of the priority between the lien of the respondent under its conditional sales contracts and that of appellants under their distress for rent involves the question of legal notice under the recording statutes. Therefore, both parties rest their claims upon legal rights as declared by

statute and the priority of their liens will not be determined by the equities between them, but upon express statutory enactments.

We think that the case of *Gregory v. Ducker, supra,* 31 S. C. 141, 9 S. E. 780 is conclusive of the question here involved. That was an action to recover possession of personal property which the plaintiffs claimed under a mortgage, the condition of which had been broken. The defendants in their answer interposed the plea of purchaser for valuable consideration without notice of the mortgage under which the plaintiffs claimed. The question was presented as to whether the plea of purchaser for valuable consideration without notice constituted an equitable issue. In deciding that such plea in that case presented only a legal issue, the court said:

"The action was an action at law, pure and simple, and the first defense—the general denial—was clearly of the same character. As to the second defense, while it may be true that the plea of purchaser for valuable consideration without notice may ordinarily be said to rest upon equitable principles, yet when, as in this case, it rests upon the express provisions of the recording acts, it seems to us that it must be regarded as presenting simply a legal issue. Under our registry act * * *, a mortgage not duly recorded is practically null and void,—is no mortgage,—so far as subsequent creditors or purchasers without notice are concerned, and this is so without inquiry into the equities of the parties, but simply as a matter of express statutory enactment. Hence where as in this case, a party seeks to recover possession of personal property, claiming through a mortgage, if the defendant undertakes to defend by showing that he is a subsequent purchaser for valuable consideration without notice, his defense does not rest upon any equitable principle, but upon his legal rights as declared by statute."

Here, also the priority of the liens asserted rests solely upon legal rights declared by statute, and no equitable issues are presented.

The case of *Dana v. Peurifoy,* 142 S. C. 46, 140 S. E. 247, so strongly relied upon by appellants, was not an action at law in claim and delivery, but one, equitable in nature, in which personal property, subject to a mortgage and a lien for rent, had been sold by a receiver and the proceeds of sale held under an agreement that the priority of the liens would be determined by the court. In that case the action concerned the priority of liens over funds held by a receiver and the court held, under such circumstances, that the issues as to priority of liens were cognizable in equity. Here the action is one at law in claim and delivery, involving only legal issues and clearly distinguishable from the *Dana case.*

The final question for decision relates to the refusal of the lower court to strike certain portions of the allegations of the fifth paragraph of the complaint.

As heretofore stated, the respondent holds two conditional sales contracts over the property in question. Part of the property is covered by a sales contract executed and recorded on March 10, 1961, prior to the placing of the property on the premises occupied by the purchaser-tenant John M. Worthy, and part by a similar contract executed on November 12, 1961 and recorded November 20, 1961. As to the latter contract, the complaint alleges that, although it was not timely recorded, the appellants had actual notice of its existence before such distress for rent was filed.

The appellants moved to strike from the complaint so much thereof as alleged that they had actual notice of the November conditional sales contract, upon the ground that actual notice of its existence was irrelevant to a determination of the issue of the priority between respondent's lien under its conditional sales contract and appellants' lien for rent, since the sales contract, admittedly, was not recorded within five days after its execution, as permitted by Section 60-101 of the 1952 Code of Laws; or recorded before the rent contract was entered into or before the property was brought upon the premises, as provided in Section 41-155 of the 1952 Code of Laws.

It is the contention of the appellants that, in order to give the conditional sales contract herein priority over the landlord's lien for rent, such conditional sales contract must, under the statutes, be recorded, and that actual notice of the existence thereof does not take the place of recording. On the other hand, respondent takes the position that actual notice to the landlord of such contract takes the place of recording and is effecive to give the lien created thereby priority over the landlord's lien for rent.

The question then to be decided is whether or not actual notice to the landlord of such unrecorded conditional sales contract of personal property gives to the lien created by such contract priority over a subsequent lien of the landlord for rent.

We think that the answer to the question is found in the plain provisions of Section 41-155 of the 1952 Code of Laws. This section is as follows:

"When property distrained for arrears of rent is subject to the lien of a chattel mortgage placed upon such property and recorded before the rent contract was entered upon or before such property was brought upon the rented premises, the landlord may pay the amount due upon such mortgage debt and subject the property to the payment thereof as well as to the payment of the amount due for rent and the tenant shall inform the officer making distress of any such liens. If the landlord declines or fails to pay such mortgage debt the officer shall return such property on which such chattel mortgage may be a lien to the tenant. *And if the landlord have actual notice of any unpaid purchase money lien, such lien shall have priority to his claim for rent in the same manner as above provided for certain chattel mortgages.*" (Emphasis added.)

The emphasized portion of the foregoing section makes actual notice to the landlord of any unpaid purchase money lien as effective as the recording thereof. The inquiry then is whether the conditional sales contract in question con-

stituted a purchase money lien within the meaning of the statute.

It is conceded that the property involved was sold by respondent to the tenant and the contract in question executed to secure the purchase price thereof. Admittedly, the instrument executed to respondent was a conditional sales contract. Such a contract is a form of lien, in the nature of a chattel mortgage, to secure the purchase price of the property, *Speizman v. Guill*, 202 S. C. 498, 25 S E. (2d) 731; and constituted a purchase money lien within the meaning of the foregoing statute. The law holds the landlord, not only to the knowledge of such liens covering the property of his tenant which are duly recorded, but also those of which he has actual notice.

The contention of appellant that the reference in the foregoing statute to "actual notice of any unpaid purchase money lien" means only an unpaid purchase money lien which is not protected or evidenced by a recordable instrument is without merit. The terms of the statute are clear, plain and unambiguous. Its provisions as to actual notice specifically include *any* unpaid purchase money lien, of which the present conditional sales contract is one. To adopt the construction urged by appellants would, in effect, amount to our amending the statute, which we are not authorized to do.

The respondent has alleged that appellants had actual notice of the conditional sales contract and it is entitled to prove such notice in establishing the priority of its claim. The motion was properly denied.

The judgment of the lower court is accordingly affirmed.

Affirmed.

TAYLOR, C. J., MOSS and BRAILSFORD, JJ., and LEGGE, Acting J., concur.