23239

FIRST PALMETTO STATE BANK AND TRUST CO., n/k/a Southern National Bank, Respondent v. William G. BOYLES, Jr., and George Boyles, d/b/a George Boyles Construction Co., and Celestine Boyles, Appellants.

(394 S.E. (2d) 313)

Supreme Court

*Danny R. Collins,* of *Eleazer and Sautter,* Columbia, *for appellants.*

*Donald E. Rothwell,* Columbia, *for respondent.*

Submitted June 9, 1989.

Decided July 2, 1990.

FINNEY, Justice:

This appeal is from an order of reference in an action for claim and delivery. We vacate the order and remand for trial.

On July 5, 1988, respondent First Palmetto State Bank and Trust, n/k/a Southern National Bank (Bank), filed a claim and delivery action against appellants William G. Boyles, Jr., George Boyles, d/b/a George Boyles Construction Company, and Celestine Boyles (the Boyles). On July 27, 1988, the Bank served its summons and complaint on the Boyles. The Boyles' answer was filed on August 12, 1988.

The Bank prepared a proposed order referring the case to a master-in-equity which the circuit judge adopted and signed on August 8, 1988. The Boyles first received notice of the motion for reference and a copy of the signed order on August 25, 1988.

The Boyles had previously filed a bankruptcy action in which a final Order of Dismissal was issued on July 8, 1988.

The Boyles contend the circuit court erred in ordering a mandatory reference; asserting a violation of SCRCP 53(b), foreclosure of their right to a jury trial and, further, that the court lacked subject matter jurisdiction.

South Carolina Rule of Civil Procedure 53(b) authorizes the circuit court to refer an action to a master-in-equity (1) by consent of the parties, (2) if there is a default, (3) in actions with complicated issues to be tried before a jury, and (4) in all other actions, upon application of any party or upon the court's motion.

In this case, the Boyles did not consent to a reference and there was no default. Thus, the question becomes whether the case involves complicated issues to be tried before a jury or whether the action is equitable, permitting either party or the court to move for reference.

An action in claim and delivery is an action at law for the recovery of specific personal property. *Haverty Furniture Co., Inc., of Charleston v. Worthy*, 241 S.C. 369, 128 S.E. (2d) 707 (1962). Absent a waiver, the issues are triable by a jury. *Johnson v. South Carolina National Bank*, 292 S.C. 51, 354 S.E. (2d) 895 (1987). If the issues are complicated, a case may be referred to a master for the limited purpose of making factual findings to be received by the circuit court as evidence only. The record before us indicates that the action was referred to the master for final adjudication and provides for appeal, if any, directly to this Court. We find that such a referral was not appropriate under the circumstances of this case.

Additionally, the right to a jury trial in an action to recover specific personal property is expressly preserved by SCRCP 38(a). This Rule states:

> The right of trial by jury as declared by Constitution or as given by a statute of South Carolina shall be pre-

served to the parties inviolate. Issues of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial be waived.

Under Rule 38(a), the Boyles are expressly entitled to a jury trial unless they waive that right. The record before this Court does not reflect a waiver. The procedure for demanding a jury trial is set forth in SCRCP 38(b) as follows:

Any party may demand a trial by jury of an issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

At a minimum, the Boyles had ten days after service of their answer on August 12, 1988, in which to demand a jury trial. However, the case was referred on August 8, 1988, four days prior to filing of the answer and before the time to answer had expired. We find that the reference deprived the Boyles of their right to a jury trial as provided under Rule 38(a).

Finally, the Boyles assert that the state court lacked subject matter jurisdiction in the claim and delivery action because their pending bankruptcy litigation in federal court stayed the proceedings.

The claim and delivery action was filed on July 5, 1988. However, service of the summons and complaint was effectuated on July 27, 1988. SCRCP 3(a) states that a civil action is commenced by the filing *and* service of a summons and complaint. Hence, the action in claim and delivery was commenced on July 27, 1988, subsequent to dismissal of the bankruptcy litigation on July 8, 1988. We hold that subject matter jurisdiction vested in the circuit court upon commencement of the action in claim and delivery.

Appellant's remaining exceptions are without merit.

For the foregoing reasons, we vacate the circuit court's order of reference and remand this case for trial.

Vacated and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.