485 S.E.2d 110

Catherine Rita ROCHE, as Personal Representative
of the Estate of George J. Roche, Respondent,

v.

YOUNG BROTHERS, INC., of Florence,
d/b/a Days Inn East, Appellant.

No. 2651.

Court of Appeals of South Carolina.

Heard Feb. 4, 1997.

Decided March 31, 1997.

Rehearing Denied May 22, 1997.

C. Mitchell Brown and William C. Wood, Jr., of Nelson, Mullins, Riley, & Scarborough, Columbia; Wm. Reynolds

Williams and C. Craig Young, of Willcox, McLeod, Buyck & Williams, Florence, for appellant.

William P. Hatfield and Gary I. Finklea, of The Hyman Law Firm, Florence, for respondent.

HEARN, Judge:

George Roche brought this negligence action against Young Brothers, Inc., of Florence, d/b/a Days Inn East (Young Brothers), as the result of a slip-and-fall accident in the motel parking lot.[1] Young Brothers failed to answer the complaint in a timely manner and was found in default. A damages hearing was held before a circuit court judge resulting in an award of $15,000 actual and $30,000 punitive damages. This award was reversed on appeal, however, because Young Brothers was not given notice of the damages hearing. On remand, the case was referred to a special referee for a second damages hearing. The special referee awarded $25,000 actual damages and $75,000 punitive damages. Young Brothers appeals the award of the special referee. We reverse.

### Facts

George Roche was injured in March 1990 when he slipped and fell on debris in the parking lot of the Days Inn Motel in Florence, South Carolina. Roche thereafter brought this negligence action against Young Brothers on August 31, 1990. Young Brothers failed to answer the complaint, and default was entered on November 2, 1990. Without notice to Young Brothers, a damages hearing was held before a circuit court Judge in February 1992, resulting in an award to Roche of $15,000 actual damages and $30,000 punitive damages.

Young Brothers appealed the damages award in July 1992. This court reversed and remanded the case, holding that the method of service employed by Roche was improper. *Roche v. Young Brothers, Inc.*, 313 S.C. 356, 437 S.E.2d 560 (Ct.App. 1993). The South Carolina Supreme Court reversed, reinstating the entry of default, but vacating the damages award because Young Brothers did not receive the required notice of

---

1. Roche died during the pendency of this action for causes unrelated to this case and his estate was substituted as the plaintiff.

the damages hearing. *Roche v. Young Brothers, Inc.*, 318 S.C. 207, 456 S.E.2d 897 (1995). The court remanded the case to the circuit court for a second damages hearing. *Id.* at 212, 456 S.E.2d at 901.

In April 1995, Roche filed an *ex parte* motion and accompanying affidavit with a circuit court judge requesting that the matter be referred to Eugene Fallon as a special referee. The order of reference was signed the same day with Young Brothers never having received a copy of the motion or any notice that the motion was being considered by the circuit court judge. Young Brothers moved for withdrawal or alteration of the order of reference, which was denied.

A hearing before the special referee was held on June 19, 1995. The special referee awarded Roche $25,000 in actual damages and $75,000 in punitive damages.

### Discussion

Young Brothers argues the order of the circuit court judge appointing the special referee was void because the special referee was not someone agreed upon by the parties. We agree.

South Carolina Code Ann. § 14–11–60 (Supp.1996) provides:

In case of a vacancy in the office of master-in-equity or in case of the disqualification or disability of the master-in-equity from interest or any other reason for which cause can be shown the presiding circuit court judge, **upon agreement of the parties**, may appoint a special referee in any case who as to the case has all the powers of a master-in-equity.

*Id.* (emphasis added). The specific language requiring agreement of the parties was added to the statute in 1988. Formerly, the statute stated that "the court or a judge thereof may appoint a special master in any case," without the requirement of the parties' consent. *See* S.C.Code Ann. § 14–11–60 (1977).

Similarly, Rule 53(a), SCRCP, states, "As used in these rules the word 'master' includes a referee, an auditor and an examiner.... The court may in its discretion appoint as a special master a person agreed upon by the parties...." (emphasis added). Subsection (b) of the rule states, "In an action where the parties consent or in a default case, any and

all issues, whether of law or fact, may be referred to a master by order of a judge or the clerk of court." Rule 53(b), SCRCP.

Roche argues subsection (b) allows the circuit court judge to refer the case to a special referee either by consent or, in default cases, without the consent of both parties. Thus, Roche argues, the Rule makes an exception to the consent requirement in default cases.

In *First Palmetto State Bank & Trust Co. v. Boyles,* 302 S.C. 136, 394 S.E.2d 313 (1990), Boyles appealed from an order of reference in an action for claim and delivery. In deciding whether the case was properly referred without Boyles' consent, the court differentiated between cases in which the parties consent and default cases. The court set out four situations under which the circuit court may refer an action to a master-in-equity: (1) by consent of the parties, (2) if there is a default, (3) in actions with complicated issues to be tried before a jury, and (4) in all other actions, upon application of any party or upon the court's motion. *Id.* at 138, 394 S.E.2d at 314. The court stated, "In this case, the Boyles did not consent to a reference and there was no default." *Id.* The inference from the language used by the court is that the consent requirement does not apply to default cases.

Furthermore, under S.C.Code Ann. § 14–11–85 (Supp.1996), appeals from the final judgment of a master-in-equity are to the circuit court unless the parties **not in default** consent in writing or on the record at the hearing to a direct appeal to the supreme court. S.C.Code Ann. § 14–11–85(A) (Supp. 1996). Thus, this rule also makes an exception to the consent requirement for parties in default.

Young Brothers makes a compelling argument that Rule 53(b), SCRCP, is intended to allow reference without consent of both parties as to the identity of the special referee only in default cases where the defaulting party has not made an appearance. Young Brothers argues that since it has made an appearance and has, in fact, already appealed this case once to the appellate courts, it does not fall within the classic default situation. We find this argument persuasive.

The necessity of an exception to the consent requirement is clear in default cases where the defaulting party has

not made an appearance. It would create an immense burden on the plaintiff if he or she were required to obtain the consent of a party who has made no appearance in the action before the case could be referred to a special referee. However, we fail to see the utility of the default exception where, as in this case, the defaulting party has made an appearance and has even appealed the case once to the appellate court. In such a case, it would not unduly burden the plaintiff to obtain the defendant's consent to the identity of the special referee. We therefore hold that when there is a defaulting party who has made an appearance before the court, the plain language of Rule 53(a), SCRCP, requires agreement between the parties as to the identity of the special referee.[2]

Accordingly, we find the order appointing the special referee was void because the referee was not someone agreed upon by the parties. We therefore reverse the decision of the special referee and remand for a new hearing on damages.

**REVERSED AND REMANDED.**

HOWELL, C.J., and HOWARD, JJ., concur.

---

**2.** Young Brothers raises several other issues on appeal; however, in view of our resolution of this issue, we need not reach them.