**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

University Motors, Inc., Respondent,

v.

Jamar Kimpson, Stacia Williams, and Masella Law Firm, Defendants,

Of whom Jamar Kimpson and Stacia Williams are the Appellants.

Appellate Case No. 2010-172186

---

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-390
Heard June 5, 2012 – Filed June 27, 2012

---

**AFFIRMED**

---

Arthur Kerr Aiken, of Aiken & Hightower, of Columbia, for Appellants.

Andrew Sims Radeker, of Harrison & Radeker, P.A., of Columbia, for Respondent.

---

**PER CURIAM:** In this declaratory judgment and breach of contract action, Jamar Kimpson and Stacia Williams (Appellants) appeal the trial court's order finding University Motors, Inc., entitled to insurance proceeds held in trust by Masella Law Firm. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the standard of review: *Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001) (stating a declaratory judgment action is neither legal nor equitable, but is determined by the nature of the underlying issues); *First Palmetto State Bank & Trust Co. v. Boyles*, 302 S.C. 136, 138, 394 S.E.2d 313, 314 (1990) ("An action in claim and delivery is an action at law for the recovery of specific personal property."); *Kuznik v. Bees Ferry Assocs.*, 342 S.C. 579, 589, 538 S.E.2d 15, 20 (Ct. App. 2000) ("An action seeking damages for breach of contract is also an action at law . . . ."); *Townes Assocs. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings.").

2. As to the trial court's finding that University Motors was a third-party beneficiary of the insurance policy: *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005) ("A third-party beneficiary is a party that the contracting parties intend to directly benefit."); *Kuznik*, 342 S.C. at 589-90, 538 S.E.2d at 20 (stating the trial court's findings of fact in an action at law will be upheld unless without evidentiary support).

3. As to the trial court's finding that the settlement proceeds were from the disposition of the collateral: *Moser v. Gosnell*, 334 S.C. 425, 430, 513 S.E.2d 123, 125 (Ct. App. 1999) ("In construing the terms of a contract, the foremost rule is that the court must give effect to the intentions of the parties by looking to the language of the contract."); *see generally Brown v. First Nat'l Bank of Dewey*, 617 F.2d 581, 584 (10th Cir. 1980) (equating voluntary and involuntary dispositions of collateral in regard to insurance proceeds).

4. As to the trial court's refusal to enter judgment for Appellants as the sole named insureds on the policy: *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding the appellant abandoned an issue when he failed to provide argument or supporting authority); *Shealy v. Doe*, 370 S.C. 194, 205-06, 634 S.E.2d 45, 51 (Ct. App. 2006) (declining to address an issue on appeal when

the appellant failed to cite any supporting authority and made conclusory arguments).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**