HEARD APRIL TERM, 1878.

## WYMAN *vs.* HOOVER.

The Circuit Judge has jurisdiction to set aside a judgment by default, where it appears that the summons was not served.

BEFORE WIGGIN, J., AT BEAUFORT, DECEMBER, 1877.

Action by Randal Wyman and his wife, Amy Wyman, against Josephine A. Hoover and her husband, George H. Hoover.

The case is as follows:

Judgment by default was entered in this case by plaintiff, and the defendant, Josephine, now moved His Honor the Circuit Judge, after due notice of the motion, for a rule to show cause why the judgment should not be set aside, on the ground that no summons had been served upon her.

The moving papers set forth in the brief were, first, the notice of the motion; second, an affidavit by Josephine A. Hoover that she never was served with a summons in the case, and that she knows nothing of the existence of the action; third, an affidavit by John Glover, who stated that the copies of the summons and complaint in this case were given to him by Deputy Sheriff Ballinger "to serve upon defendents and to get them to sign an acceptance of service on the original," but he did not serve them on the defendant Josephine; and, fourth, an affidavit by George Ballinger, who stated that he gave the summons and complaint to John Glover to serve upon defendants.

His Honor made the following order:

"It appearing to my satisfaction that the proper remedy in the above stated case is by appeal, and this Court is without jurisdiction in the matter, on motion of W. J. Whipper, it is ordered that the motion for a rule be dismissed and the plaintiff have judgment for $10—costs of this motion."

The defendant, Josephine, appealed.

*Warren*, for appellant:

There was error in the dismissal of the motion for a rule.
There was no service of the summons on either of defendants.

The certificate or affidavit of the Sheriff is not conclusive upon the defendant. He may disprove the alleged service.—*Bulkley* vs. *Bulkley*, 6 Abb., 307; *Wallis* vs. *Lott*, 15 How., 567; *Rensselaer* vs. *Shadwick*, 7 How., 297.

When summons is not legally served the Court has no jurisdiction of the defendant, and all proceedings based on the pretended service are void.—*Bulkley* vs. *Bulkley*, 6 Abb., 307.

Where judgment is entered without jurisdiction and execution in form issued against a defendant, he has a right to move to set aside same.—*Lambert* vs. *Converse*, 22 How., 265; *Hallet* vs. *Righter*, 13 How., 43.

Defective service is to be cured by motion.—*Nones* vs. *H. Mut. Ins. Co.*, 8 Barb., 541.

A motion to set aside a judgment for irregularity can at any time be made in one year upon a very slight showing, but this does not apply to a void judgment; for when the defect is for a want of jurisdiction the motion may be made at any time.—*Hallett* vs. *Righter*, 13 How., 43.

The Court has power to open a judgment and allow a defense to be made where a defendant has omitted to answer within the proper time.—*Elsworth* vs. *Campbell*, 31 Barb., 134; *McQuain* vs. *Cace*, 9 Abb., 160.

The only remedy defendant has to vacate a judgment by any reason void is by motion, and if motion is denied then by appeal to Supreme Court from decision on such motion.—5 Rich., 9.

*Whipper*, contra:

July 26, 1878. The opinion of the Court was delivered by

WILLARD, C. J. Judgment by default, for want of an answer, was entered in this action. The defendant, J. A. Hoover, moved to set aside such judgment as irregular, for want of service of the summons on such defendant. It appears by the affidavit of Bellinger, Deputy Sheriff, that the summons and complaint were delivered by him to Hoover for service on the defendant J. A. Hoover, and by the affidavit of Glover that such service was not made. Allusion is made in the argument to a return of service made by the Sheriff; but no evidence that such a return was laid before the Circuit Judge upon the motion appears by the record before us, and the case must be determined on the papers that appear to have been before the Circuit Judge for that purpose. The Circuit Judge an-

nounced his decision as follows: "It appearing to my satisfaction that the proper remedy in the above stated case is by appeal, and this Court is without jurisdiction in the matter, on motion of 'W. J. Whipper, it is ordered that the motion for a rule be dismissed, and the plaintiffs have judgment for ten dollars—cost of this motion."

The position assumed by the Circuit Judge is unintelligible to this Court. Whether the Circuit Judge has succeeded in expressing the nature of his doubt as to his right to interfere in the premises, we have no means of determining. The doubt of the Circuit Judge as to his jurisdiction has no legal foundation; and the idea that relief could be obtained on appeal that was not proper to be given by the Court of Common Pleas involves an entire misconception of the nature of original and appellate jurisdiction.

As the case stands, it was a matter of course for the Circuit Judge to set aside the judgment and admit the defendant to answer.

The order appealed from, with the judgment and execution as against the defendant, J. A. Hoover, must be set aside, with liberty to the defendant to answer in ten days from the service of this order, and with costs of motion in the Circuit Court and of this appeal.

*McIver*, A. J., and *Haskell*, A. J., concurred.

---

HEARD APRIL TERM, 1878.