19095

Fred ROLLINS, Jr., Respondent, v. WUNDA WEVE CARPET CO.
and Aetna Casualty & Surety Co., Appellants

(177 S. E. (2d) 5)

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellants,*

*Richard J. Foster, Esq.,* of Greenville, *for Respondent.*

August 20, 1970.

LEWIS, Justice.

This is a Workmen's Compensation case. The appeal is from an order of the lower court affirming an award of the Industrial Commission to respondent for permanent partial disability to his right arm. The Hearing Commissioner awarded respondent thirty percent specific loss of use of his right arm, which was, upon review, increased to forty percent by the Full Commission. The appellants, employer and insurance carrier, contend that (1) there was no competent evidence to support the award and (2) the Full Commission increased the award for disability without a proper consideration of the record.

Respondent sustained a fracture of his right elbow on July 28, 1968 in a motorcycle accident which was not related to his work. Subsequently, on November 22, 1968, respondent sustained an injury to his right shoulder and arm while at work. This injury allegedly resulted from a jerk and strain of his arm and shoulder. It occurred as he stepped from a platform to a lower level and was unable to release a drop cord to which he was holding. The accident was shortly thereafter reported to the employer, and respondent was sent to a physician for medical attention. Respondent testified that, because of pain and weakness in the shoulder and arm, he stopped work on December 3, 1968. He was out of work until January 12, 1969 at which time he secured a job, at less pay, which did not necessitate the full use of his right arm. The Commission made a factual finding that the jerk and strain to the shoulder and arm aggravated the pre-existing injury to the right elbow, resulting in a permanent partial disability to the right arm; and made an award on that basis.

Appellants take the position that there was no testimony of any probative value to establish a causal connection between the accident to respondent's arm and shoulder on November 22, 1968 and the condition which caused the

present disability. This contention is based upon the premise that, in view of the pre-existing injury, the foregoing issue was so technically complicated as to require for its determination medical testimony alone.

The medical testimony need not be reviewed. It is sufficient for the present determination to state that it negatived any causal connection between the accident on November 22nd and the present disability in respondent's arm. Significantly, however, there is medical testimony to sustain the conclusion that respondent suffered no permanent disability from the fracture to the elbow on July 28th.

The findings of causation by the Commission were based upon the testimony of claimant and the observable facts and circumstances in evidence. Our inquiry then is whether these facts and circumstances are sufficient to sustain such finding or whether the issue was so complicated as to require medical testimony for its determination.

This case presents again the troublesome question as to the probative effect to be given conflicts between medical and lay testimony on the question of causal connection between an accident and the physical condition producing disability. We have recognized that there are conditions which the lay mind is not competent to pass upon and in such scientific fields reliance must be had upon expert evidence alone.

There are however situations where the injury occurs soon after the accident, are observable to the ordinary person, and the circumstances are such that the lay mind may draw a reasonable inference of causation. In such cases, a finding of causal connection may be sustained even though in conflict with the medical testimony. *Ballenger v. Southern Worsted Corp.*, 209 S. C. 463, 40 S. E. (2d) 681.

Circumstantial evidence may be sufficient to support a finding as to causation in a Workmen's Compensation case and whether the presence or absence of medical testimony is conclusive depends upon the particular

facts and circumstances of the case. *Grice v. Dickerson, Inc.*, 241 S. C. 225, 127 S. E. (2d) 722.

The present inquiry concerns disability to the right arm and its causal connection to the accident sustained to the arm and shoulder on November 22nd. There had been a prior injury to the right elbow on July 28th. The testimony of respondent and the doctors sustains the conclusion that respondent recovered from this prior injury and, although there was a slight limitation of movement in the elbow, was able to lift, push, and pull with his right arm without pain or difficulty.

The jerk to the shoulder and arm on November 22nd caused the shoulder to begin hurting immediately, with pain occurring in the elbow a day or so thereafter. A knot or protrusion, which did not exist before, appeared on top of the right shoulder within a day or two and has increased in size. It was described by the Hearing Commission, from his observance, as about the size of a quarter and protruded about one-third of an inch or more, with a reddish appearance. Respondent testified as to the limitation in movement and use of his arm, which did not exist prior to the last accident. The Hearing Commissioner described the limitation in movement of the right arm as follows:

"The employee demonstrates about twenty-five per cent loss of flexion in his elbow joint. He also demonstrates that he cannot raise the arm above waist level. And in his forward elevation, he's only about one-fourth of normal. And backwards is only about one-fourth to one-third normal. He can bring his right arm across his chest and touch his left elbow, but he demonstrates he—he cannot touch his left shoulder.

The Commissioner in questioning the respondent developed the following:

"Q. Can you put your arm back of your head, like this?
"A. No.
"Q. How do you comb your hair?

"A. I don't; that's the reason I keep it cut that way.

"Q. * * * Now is your arm muscles getting any smaller in that arm?

"A. Well, its real swollen—more swollen than anything else."

A medical report by Dr. Joseph Hodge, to whom respondent went only for evaluation of his condition, was placed in evidence. His examination supported the findings of the Hearing Commissioner as to the limitation of motion in respondent's arm. Dr. Hodge placed the total physical impairment to the right arm at approximately 50 percent. He stated his conclusions from the examination as follows:

"Impression. 1) post traumatic dislocation of the right elbow joint with injury to the lateral ligaments of the right elbow joint and annular ligament of right elbow with stretching of the right brachial plexus with residual motor weakness of the right hand." Such conclusion by Dr. Hodge was not inconsistent with the finding of the Commission that respondent's condition resulted from the jerk and strain of the shoulder and arm.

We think that the finding by the Commission of a causal connection between the accident of November 22nd and the respondent's disability has support in the record. There is evidence to sustain the fact of the accident and the subsequent disability. The accident was to the right arm and shoulder where the injury developed soon thereafter. A knot developed on the shoulder, accompanied by pain in the shoulder and elbow, all in the area receiving the jerk and strain. Respondent testified that his arm was swollen. An award for disfigurement was made to respondent based upon the carriage of the arm and shoulder and the resulting appearance of lameness. The fact of disfigurement is not in issue in this appeal. Under all of the facts the resultant injury or disability was not invisible, but was to an appreciable degree subject to observation and such that the lay mind could draw a reasonable inference of causation. As stated in the *Ballenger*

case, *supra,* "the injury was so naturally and directly connected with the accident that proof of causality does not depend upon expert evidence."

We have held that the extent or percentage of loss of use of respondent's arm was not so technically complicated as to require medical testimony for its determination, and appellants so concede. See *Bundrick v. Powell's Garage,* 248 S. C. 496, 151 S. E. (2d) 437; *Dickey v. Springs Cotton Mills,* 209 S. C. 204, 39 S. E. (2d) 501.

Appellants contend, however, that, since the award was based upon a finding of aggravation of the pre-existing injury to the elbow, medical testimony was required to establish the degree or percentage of disability attributable to the respective injuries. Assuming the correctness of appellants' position, it would not affect the award in this case. The medical testimony was to the effect that there was no disability resulting from the first accident. The Commission was entitled to accept this as a fact. The medical testimony, that no disability resulted from the first injury, afforded a factual basis for a determination that all of respondent's present disability resulted from the last injury. We, therefore, cannot say that the award by the Commission of a forty percent disability had no support in the medical evidence.

The last question concerns the action of the Full Commission in increasing the amount of the award for disability. The Hearing Commissioner determined that respondent suffered a thirty percent permanent partial disability. The majority (three) of the Full Commission increased the award for disability to forty percent. Appellants contend that the Full Commission increased the award for disability solely *by observation* and that this was error. Such contention is based upon a statement following the Opinion and Award of the Full Commission, and signed by two Commissioners, to the effect that the award of the Hearing Commissioner was amended "to increase disability of right

upper extremity, *by observation,* to 40 percent." (Emphasis added.)

Appellants do not contend that the Commission was without authority to make its own independent findings from the record (See *Green v. Raybestos-Manhattan, Inc.,* 250 S. C. 58, 156 S. E. (2d) 318); but take the position that the Commission had no authority to do so solely *by observation* of the respondent. We do not so interpret the action of the Commission.

The formal order of the majority of the Commission contains the recital that the disability award of the Hearing Commission was increased "after hearing arguments for both parties and observing claimant and after careful consideration of all of the evidence in the case." The order of the Commission must be construed as a whole and, when so considered, shows that their decision was not based solely on their observation of the respondent but, in addition, upon all of the evidence in the case.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.