1221

Radi MOMANI, Appellant v. John R. VAN SURDAM, Respondent. In the Matter of John R. VAN SURDAM, Plaintiff v. Radi MOMANI, Defendant.

(373 S. E. (2d) 691)

Court of Appeals

*Charles B. Simmons, Jr.,* of *Wilkins, Nelson, Kittredge & Simons,* Greenville, *for appellant.*

*John R. Van Surdam,* Central, *pro se.*

Heard Sept. 13, 1988.

Decided Oct. 24, 1988.

SANDERS, Chief Judge:

This is an appeal of an order of the Special Circuit Court Judge dismissing an action by appellant Radi Momani to set aside a default judgment previously entered against him by respondent John R. Van Surdam. We reverse and remand.

The Judge dismissed the action on the ground that an independent action to vacate a judgment was not provided for by Section 15-27-130 of the Code of Laws of South Carolina, 1976. He recognized that an independent action to vacate a judgment is allowed by Rule 60 of the South Carolina Rules of Civil Procedure. However, he ruled that this aspect of the rule "applies [only] to 60(b)(4) where the Judgment is void and 60(b)(5) where the Judgment has been paid." The Judge erred in two respects.

## I.

The Judge based his decision on the provisions of Section 15-27-130. This section was repealed by the adoption of the South Carolina Rules of Civil Procedure. Rule 60 plainly provides that: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment...." The Court may relieve a party from a final judgment for any of five reasons, enumerated as Rule 60(b)(1) through (5). The rule does not indicate that the power of a court to entertain an independent action to relieve a party from a judgment is limited to actions based on any particular reasons to the exclusion of the other reasons specified.

## II.

The Judge recognized that the aspect of Rule 60 which allows an independent action to vacate a judgment applies "where the Judgment is void." Mr. Momani seeks relief from the judgment based on the allegation that "he was never notified nor served with any type of pleadings in [the] action." When a defendant is not properly served, "the Court has no jurisdiction of the defendant, and all proceedings based on the pretended service are void." *Wyman v. Hoover*, 10 S. C. 135, 136 (1878).

For these reasons, the order of the Special Circuit Court Judge is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GARDNER and GOOLSBY JJ., concur.