1434

Moses ABLE, Appellant v. Robert C. SCHWEITZER, Respondent.
(387 S. E. (2d) 697)

Court of Appeals

*J. Carolyn Stringer,* Columbia, *for appellant.*

*Robert C. Brown,* Columbia, *for respondent.*

Heard Dec. 4, 1989.

Decided Dec. 18, 1989.

GARDNER, Judge:

On February 25, 1988, Moses Able (Able) filed with the Clerk of Court a complaint seeking damages for an automobile wreck which occurred six years before on February 25, 1982. On the same day, Able delivered the summons and complaint to a private investigator for service. He unsuccessfully attempted service on Robert C. Schweitzer (Schweitzer) on February 25, 1988. Schweitzer moved for summary judgment on his statute of limitations defense. The trial judge granted summary judgment in favor of Schweitzer. We affirm.

The only issue of merit is whether the delivery of the summons and complaint to a licensed private investigator for service on Schweitzer was tantamount to delivery to the sheriff of the county in which the defendant usually or last resided.

South Carolina Rules of Civil Procedure Rule 3(b) provides:

RULE 3. COMMENCEMENT OF ACTION

(a) Commencement. A civil action is commenced by filing and service of a summons and complaint.

(b) Commencement When Defendant Absent. For the purpose of tolling any statute of limitations, an attempt to commence an action is equivalent to the commencement thereof when the summons and complaint are filed with the clerk of court and delivered for service to the sheriff of the county in which defendant usually or last resided, or if a corporation be defendant, to the sheriff of the county in which any person designated by statute to accept service usually or last resided; provided that actual service must be accomplished within a reasonable time thereafter.

Prior to the publication in 1976 of the South Carolina Rules of Civil Procedure, the rule pertaining to this subject was provided in section 15-3-10, Code of Laws of South Carolina (1976), which statute was repealed upon the passage of the South Carolina Rules of Civil Procedure. The prior statute differs from S. C. R. C. P. Rule 3(b) in that it provided delivery "to the sheriff or other officer of the county in which the defendant ... last resided." The main difference between S. C. R. C. P. Rule 3(b) and the prior statute is that Rule 3(b) eliminates language allowing delivery to "other officers of the county."

The new Rules were promulgated after careful study by a committee chaired by Supreme Court Associate Justice A. Lee Chandler. We are convinced it was the intent of the Court and the General Assembly that the phrase "other officers of the county" be deleted from the new Rule 3(b). We are equally convinced that Rule 3(b) should be strictly construed with reference to the requirement that after the

filing of the summons and complaint it be delivered to the sheriff of the county in which the defendant last resided. Accordingly, we hold that the delivery of the summons and complaint in the instant case to a private investigator for service does not toll the running of the statute of limitations. And we so hold.

We reject the argument to the contra made by Able's most competent counsel as being unpersuasive and without merit.

For the reasons given, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.