23921

Nathaniel GARNER, as Administrator of the Estate of Lucille Garner, Appellant v. William S. HOUCK, Jr., M.D.; Bruce Hospital, Inc.; Steven S. Creedman, M.D.; and Steven S. Creedman, M.D., P.A., Respondents.

(435 S.E. (2d) 847)

Supreme Court

482

*William J. Sussman,* North Augusta and *Thomas E. Maddox, Jr.,* of Atlanta, GA, *for appellant.*

*David A. Brown* of *Henderson & Salley,* Aiken, *for Houck; John S. Wilkerson, III,* Florence, *for Bruce Hosp.; Andrew F. Lindemann* and *Ernest J. Nauful, Jr.,* Columbia, *for Creedman & Creedman, P.A., all for respondents.*

Heard June 10, 1993.

Decided Aug. 23, 1993. Reh. Den. Sept. 24, 1993.

TOAL, Justice:

This appeal involves a wrongful death action and a survival action brought by the son of the decedent, Lucille Garner, as the administrator of her estate. The trial court dismissed this medical malpractice action on the grounds that it was barred by the statute of limitations. We affirm in part, reverse in part, and remand.

## FACTS

On October 1, 1986, Ms. Garner was admitted to Bruce Hospital. Surgery was performed on October 2, 1986. Ms. Garner's son visited her in the hospital and expressed a general dissatisfaction with the care she was receiving. His specific complaints were focused on her nursing care and the lack of respect shown to her by the nursing staff. Ms. Garner continued to complain of discomfort after her discharge and died unexpectedly on October 23, 1986. On November 5, 1986, her son received an autopsy report which revealed the cause of her death to be a previously undiagnosed bowel obstruction. The

son sought advice of counsel shortly after receiving the report.

On October 20, 1989, the son filed a summons and complaint and delivered the pleadings to the sheriff for service on the defendant hospital and doctors. On October 24, 1989, the sheriff served the summons and complaint on the receptionist of Dr. Creedman, the nurse of Dr. Houck, and agents of Bruce Hospital. The defendants filed their respective answers on November 17, 20, and 21, 1989, but did not raise improper service as a defense. On January 18, 1991, the son filed a motion to add Dr. Palles as a defendant. Dr. Palles was allowed to respond to the motion and raised the three-year statute of limitations applicable to health care providers. S.C. Code Ann. § 15-3-545 (Supp. 1992). The trial court denied the motion to add Dr. Palles based on its determination that any action against him would be barred by the statute of limitations. The physician and hospital defendants moved for summary judgment, also arguing the actions against them were barred by the health care providers' statute of limitations. The trial court granted the motions. The son appeals the denial of his motion to add Dr. Palles and the granting of the defendants' motions for summary judgment.

### LAW/ANALYSIS

The son first asserts that this action was timely commenced by reason of his delivery of the summons and complaint in this action to the sheriff. We agree. The health care providers' statute of limitations is as follows.

> Any action to recover damages for *injury to the person* arising out of any medical, surgical or dental treatment, omission or operation by any licensed health care provider as defined in Article 2 of Chapter 59 of Title 28 shall be commenced within three years from the date of the *treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered*, not to exceed six years from the date of occurrence.

S.C. Code § 15-3-545 (Supp. 1992) (emphasis added).

The trial court found as a matter of law that the son knew or should have known a claim existed at the time of his

mother's death. Therefore, according to the trial court, the applicable three-year statute of limitations began to run on October 23, 1986. The trial court additionally found that the delivery of the pleadings to the sheriff was not effective to toll the statute of limitations. The trial court relied on the heading of Rule 3(b), SCRCP to require the son to prove the defendants were absent from the county at the time he attempted to effect service by delivery of the summons and complaint to the sheriff. We disagree with both the trial court's ruling regarding the date this claim was or should have been discovered and its interpretation of Rule 3(b).

A statute of limitations requiring action to be commenced within a time period after the person knew or by exercise of reasonable diligence should have known that he had a cause of action means that the injured party must act with some promptness where facts and circumstances of the would put a person of common knowledge and experience on notice that some right of his had been invaded or that some claim against another party might exist.[1] *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981). The statute of limitations begins to run from this point and not when advice of counsel is sought for full-blown theory of recovery is developed. *Id.* If there is conflicting evidence as to whether a claimant knew or should have known he or she had a cause of action, the question is one for the jury. *Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989). We find there was sufficient evidence to create a jury question as to when the claim was or should have been discovered. Although the son was unhappy with his mother's nursing care prior to her death, there was no evidence conclusively showing that the son should have suspected negligence on the part of her physicians during the period the mother was hospitalized.

Furthermore, we disagree with the trial court's interpretation of Rule 3(b), SCRCP which provides:

---

[1] Although the language of the statute at issue in *Snell* differed as it required due diligence, we have held that the language of *Snell* is applicable to the statute at bar for the purpose of determining when an action reasonably ought to have been discovered. *Smith v. Smith*, 291 S.C. 420, 354 S.E. (2d) 36 (1987).

**(b) Commencement When Defendant Absent.** For the purpose of tolling any statute of limitations, an attempt to commence an action is equivalent to the commencement thereof when the summons and complaint are filed with the clerk of court and delivered for service to the sheriff of the county in which the defendant usually or last resided, or if a corporation be defendant, to the sheriff of the county in which any person designated by statute to accept service usually or last resided; provided that actual service must be accomplished within a reasonable time thereafter.

The heading of this rule appears to limit the rule to absent defendants; however, the text contains no such limitation. In fact, Rule 3(b) expressly includes corporate defendants which, as the trial court noted, cannot be absent. Although the title and headings are part of the statute, they may not be construed to limit the plain meaning of the text. *Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). For interpretative purposes, the title of a statute and heading of a section are of use only when they shed light on some ambiguous word or phrase and as tools available for resolution of doubt, but they cannot undo or limit what the text makes plain. *Id.; See generally* 2A *Sutherland Statutory Construction* § 47.03 (1992). Statutory rules of construction may be applied to the construction of court rules. *Rollins v. Wunda Weve Carpet Co.*, 255 S.C. 1, 177 S.E. (2d) 5 (1970).

The text of Rule 3(b) is not limited to absent defendants and contains no ambiguity. Conversely, construction of the heading as a limitation on the availability of the tolling provision of Rule 3(b) would create ambiguities in the rule rather than resolve them. For example, questions would arise as to whether absent means the defendant must be absent from his dwelling, the county, or the state. Also left unclear would be the precise moment the defendant's absence would trigger the rule: the date of filing, the date of delivery to the sheriff, the date the statute of limitations is to have run, or every day until service is effectuated. Furthermore, we note Rule 3(b) was intended to replace former S.C. Code Ann. § 15-3-10 (1976), which contained no limitation of its provisions to "absent" defendants.

*Cf.* S.C. Code Ann. § 15-3-30 (1976) (tolling provision which applies only when the defendant is absent from the state).

Accordingly, we hold the tolling provision of Rule 3(b) is not limited to absent defendants. To the extend the dicta contained in *Dandy v. American Laundry Machinery, Inc.*, 301 S.C. 24, 389 S.E. (2d) 866 (1990), and *Able v. Schweitzer*, 300 S.C. 321, 387 S.E. (2d) 697 (Ct. App. 1989) is inconsistent with this opinion, they are hereby overruled.

The defendants also advanced the argument that service by the sheriff was never properly effectuated because the agents served by the sheriff did not have the authority to accept service on behalf of the respective defendants. Rule 4(d)(1) and (3) SCRCP. The defendants concede that they waived improper service as a defense to this action by their failure to raise the issue in their answers. Rule 12(h) SCRCP. Nevertheless, the defendants maintain that they still are entitled to assert that the improper service delayed the commencement of this action until each defendant made a voluntary appearance at the time their respective answers were filed in mid-November 1989. We disagree. The failure to assert improper service for over two years until the summary judgment motions in 1991 waives any issue regarding the service. Accordingly, we reverse the granting of the defendants motions for summary judgment based on the statute of limitations defense.

Finally, Ms. Garner's son also argues the trial court's refusal to allow him to amend his complaint to add Dr. Palles as a defendant was based on an erroneous determination that the health care providers' statute of limitations applied to wrongful death actions. The son argues the health care providers' statute of limitations applies only to injuries to the person, and that wrongful death actions are not injuries to the person. Thus, according to the son, the applicable statute of limitations would be the six-year general statute of limitations for wrongful death actions arising prior to 1988. S.C. Code Ann. § 15-3-530(6) (1977). We disagree.

Unlike a number of other states, South Carolina's Wrongful Death Act has been interpreted by this Court to extend beyond pecuniary damages to beneficiaries. Robert L. Wynn, III, Note, *Death of the Head of the Family—Elements of Damages under South Carolina's Lord*

*Campbell's Act,* 19 S.C.L.R. 220 (1967). Mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship are recoverable in a wrongful death action. *Smith v. Wells,* 258 S.C. 316, 1988 S.E. (2d) 470 (1972). Accordingly, we hold wrongful death actions are actions to recover damages for injury to the person, and, therefore, the health care provider statute of limitations is applicable to wrongful death actions. *Accord Toney v. S.C. Dept. of Educ.,* 284 S.C. 401, 327 S.E. (2d) 322 (1985) (distinguishing "bodily injuries" and "personal injuries"); *see also Smith, supra; Brayboy v. Ewing,* — S.C. —, 428 S.E. (2d) 731 (Ct. App. 1993); *Austin v. Conway Hospital, Inc.,* 292 S.C. 334, 356 S.E. (2d) 153 (Ct. App. 1987). In doing so, we affirm the trial judge's ruling regarding this issue.

We affirm in part, reverse in part, and remand.

FINNEY, J., and COSTA M. PLEICONES, JASPER M. CURETON and CAROL CONNOR, Acting Associate Justices, concur.