2087

George J. ROCHE, Respondent v. YOUNG BROTHERS, INC. OF FLORENCE, d/b/a Days Inn East, Appellant.

(437 S.E. (2d) 560)

Court of Appeals

*William Reynolds Williams* and *C.Craig Young* both of *Willcox, McLeod, Buyck, Baker & Williams,* Florence, and *C. Mitchell Brown* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*William P. Hatfield* of *The Hyman Law Firm,* Florence, *for respondent.*

Heard Oct. 6, 1993.

Decided Nov. 8, 1993. Reh. Den. Dec. 15, 1993.

CURETON, Judge:

This is an appeal from the trial court's refusal to set aside a default judgment entered against the appellant, Young Brothers, Inc. d/b/a Days Inn East (Days Inn), and in favor of the respondent, George J. Roche (Roche), in the amount of $45,000. Days Inn argues that Roche's service of process was defective and, alternatively, that the failure of Days Inn to answer was due to excusable neglect, mistake or inadvertence. We agree that service of process was never perfected and therefore reverse.

Roche, a New York resident, allegedly suffered injuries March 19, 1990 after falling on construction debris while a guest at Days Inn.

Roche filed suit against Days Inn on August 31, 1990. The summons and compliant were sent by certified mail on

September 4, 1990. pursuant to Rule 4(d)(8), SCRCP.[1] Although the return receipt showed the mail was addressed to the Days Inn registered agent: "Edward L. Young, Post Office Box 3806, Florence, South Carolina 29502" and was marked, "restricted delivery," J. Neal Young, Days Inn's Vice-President, actually signed the return receipt.

J. Neal Young acknowledged he signed the receipt; however, he explained that in accordance with the company's usual practice, he gave the letter, unopened, to one of the secretaries, whereupon it was apparently misplaced.

As a result, Days Inn failed to file an answer or otherwise enter an appearance, and on November 2, 1990 a default was entered against Days Inn. A subsequent damage hearing was scheduled, without notice to Days Inn, and Roche was granted judgment of $45,000.

Days Inn appeals the default judgment arguing that service on it was improper and defective because Edward L. Young, the agent for service for the corporation, did not sign the receipt for the certified, restricted delivery mail. Days Inn also denied receiving notice of the suit until the matter was already in default and averred that J. Neal Young was unauthorized to accept service for its registered agent, did not ordinarily open the mail, and was never aware of the contents of the envelope. We agree.

■ The rules of civil procedure with respect to service of process are mandatory and the strictest and most exacting compliance with them is required when service is by mail. A failure to comply with them renders any attempted service void. *Timmons v. United States*, 194 F. (2d) 357 (4th Cir.), *cert. denied*, 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952); *See also Dandy v. American Laundry Machinery, Inc.*, 301 S.C. 24, 389 S.E. (2d) 866 (1990); *Able v. Schweitzer*,

---

[1] Rule 4(d)(8) provides in pertinent part:

Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) [corporations and partnerships] of this subdivision of this rule may be made by the plaintiff . . . by registered or certified mail, return receipt requested and *delivery restricted to the addressee* . . . Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the *defendant.* Any such default or judgment by default *shall* be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return

300 S.C. 321, 387 S.E. (2d) 697 (Ct. App. 1989) (rule relating to commencement of action and service of process strictly construed).

Roche's service of the summons and complaint in the instant case did not meet the requirements of Rule 4(d)(8), SCRCP. There was no evidence that Days Inn had actual knowledge of the proceedings against it prior to the entry of the default judgment and no evidence that Edward L. Young had specifically authorized J. Neal Young to be his agent to receive process. The courts must look to the circumstances surrounding the relationship and find authority which is either expressed or implied from the type of relationship between the defendant and the alleged agent. Claims by one to possess authority to receive process or actual acceptance of process by an alleged but unauthorized agent will not necessarily bind the defendant. There must be evidence the defendant intended to confer such authority. *Hamilton v. Davis*, 300 S.C. 411, 389 S.E. (2d) 297 (Ct. App. 1990).

The rule that delivery not restricted to the addressee renders service pursuant to Rule 4(d)(8) defective was reiterated in *Jacobson v. Sternberg*, 305 S.C. 337, 408 S.C. (2d) 245 (1991). In deciding that service was effective in that case, the South Carolina Supreme Court distinguished between service on resident defendants pursuant to Rule 4 and service on out-of-state defendants pursuant to the long arm statute, noting that the service requirements were more strict for resident defendants. However, the long arm statute has been amended since that time to make explicit that service by mail outside the state must be sent with restricted delivery to the addressee, thus harmonizing the provision with Rule 4(d)(8), which governs service within the state. Act No. 42, 1993 S.C. Acts 76.

This change was made and strict compliance with the rule is required because of the important consequences which flow from the service of pleading. Service of process or waiver of that service is necessary in order to satisfy the due process requirement of the United States Constitution. Therefore, where sufficient notice of an action has not been given, and a default judgment has followed, a motion to set aside the judgment should be granted. *Cf. Richardson Const. Co., Inc. v. Meek Engineering and Const., Inc.*, 274

S.C. 307, 262 S.E. (2d) 913 (1980) (motion for relief from judgment grounded upon court's lack of jurisdiction, when warranted, is not discretionary but a matter of right). Default judgments rendered without valid service are judgments rendered without jurisdiction and are therefore void. *See Momani v. Van Surdam*, 296 S.C. 409, 373 S.E. (2d) 691 (Ct. App. 1988) ("[w]hen a defendant is not property served, 'the Court has no jurisdiction of the defendant, and all proceedings based on the portended service are void.' ") (citing *Wyman v. Hoover*, 10 S.C. 135, 136 (1878).

In the instant case the record shows that the summons and complaint were addressed to Edward L. Young. Although the return receipt was marked "restricted delivery," it was signed by J. Neal Young. The return receipt itself conclusively shows that it was not delivered into the hands of the person to whom it was addressed. Furthermore, there is no evidence in the record to show J. Neal Young was authorized to accept service for Edward L. Young, the registered agent. We cannot conclude, therefore, that Days Inn was properly served. There having been no in personam jurisdiction acquired over Days Inn, we reverse the default judgment rendered against it and remand the cause to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

HOWELL, C.J., and LITTLEJOHN, J., concur.