THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Deborah Padgett and John Doe, Defendants, 
Of whom Deborah Padgett is Appellant.
In the interest of: Michael Padgett, DOB 03/14/90, A child under the age of 18.
 
 
 

Appeal From Aiken County
 C. David Sawyer, Jr., Family Court Judge
 Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2006-UP-312
Submitted June 1, 2006  Filed July 13, 2006

AFFIRMED

 
 
 
Allen W. Johnson, of Augusta, Georgia, for Appellant.
Dennis M. Gmerek, of Aiken, for Respondent.              
Ziva Peleg Bruckner, of Columbia, for Guardian Ad Litem.
 
 
 

PER CURIAM:   In this appeal from a permanency planning order and from an order denying a motion[1] filed ten months after the merits removal hearing, Deborah Padgett (Mother) seeks to challenge the initial merits order which found she had physically abused and neglected her fourteen year-old-son, Michael.  Because we find that the Rule 59(e) motion was untimely and that Mother cannot appeal from the merits removal order by appealing from the subsequent permanency planning order, we affirm.[2]
FACTS
On October 4, 2004, the Aiken County Sheriff Department took Michael Padgett, a child under the age of eighteen, into emergency protective custody after Michael complained he had no place to stay nor anyone to care for him while Mother was in the hospital.  A hearing determined probable cause existed to remove Michael from Mother, and the South Carolina Department of Social Services (DSS) assumed custody of Michael pending a merits hearing.  Mother was not present at the probable cause hearing.
The merits hearing was held on November 4, 2004.  When Mother failed to appear, DSS informed the court that she was personally served with the pleadings on October 6, 2004.  The court found: The defendant Deborah Padgett, was properly served with the summons, complaint, notice of right to counsel, and the date, time, and place of the hearing.  The court, after hearing testimony from the investigative caseworker, found Michael was an abused and/or neglected child pursuant to section 20-7-490 of the South Carolina Code (Supp. 1997).  The court further found Mother physically abused Michael by her lack of supervision and her failure to make arrangements for his care while she was in the hospital.  There are also allegations of drug abuse on the part of Mother.[3]  Moreover, the court found removal to be in Michaels best interest.  The order was signed on November 17, 2004. According to DSS, the order was provided to Mother the next day; Mother does not dispute this finding.  Mother did not appeal from this order.  
On November 18, 2004, the day after the merits order was signed, Mother was appointed an attorney in this action.  Notice of the appointment was mailed to Mothers counsel on November 22, 2004.  On November 30, 2004, Mother, through her attorney, filed an answer to the complaint for removal even though the hearing on removal had already been conducted.  The answer did not raise any issues regarding service of the complaint on Mother or relating to her lack of representation at the removal hearing.
On September 22, 2005, the family court held a permanency planning hearing and approved a plan for an extension of time for reunification of Michael and Mother.  This order was entered on October 4, 2005, and mailed to Mother on October 11, 2005.  Prior to the September 22, 2005 permanency planning hearing, Mother filed a Rule 59(e) motion with the family court order for the removal order of November 17, 2004.  The motion was filed on September 15, 2005, nearly ten months after the removal order was signed.  In the Rule 59(e) motion, Mother raised, for the first time, issues regarding service of process and representation.  At the hearing, both DSS and the guardian opposed the motion as untimely, arguing over ten months had elapsed between entry of the removal order and the Rule 59(e) motion, and that no appeal had been timely filed from that order.  The family court denied the motion on November 14, 2005.  
Mother appeals from the family courts permanency planning order of October 4, 2005, and the order denying the Rule 59 (e) motion on November 14, 2005.  
STANDARD OF REVIEW
When considering an appeal from the family court, appellate courts have the authority to find the facts in accordance with their view of the preponderance of the evidence.  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  However, appellate courts defer to the family court judges determinations of witnesses credibility because the family court judge had the opportunity to see and hear the witnesses testify.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).
LAW/ANALYSIS
In her notice of appeal, Mother appeals from the October 4, 2005 family court order.  We find this appeal untimely.
Rule 203(b)(3) of the South Carolina Rules of Appellate Practice (2006) governs appeals from the family courts and states: A notice of appeal in a domestic relations action shall be served in the same manner provided by Rule 203(b)(1).  That section provides, A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment.  Rule 203(b)(1), SCACR.  
In this matter, Mother did not file an appeal of the October 4, 2005 order until November 30, 2005, forty-eight days after the Rule 203(b)(1) requirement.  Therefore, the appeal of that order is untimely.
In her notice of appeal, Mother also appeals from the November 14, 2005 family court order denying her Rule 59(e) motion of the November 17, 2004 removal order.  In the Rule 59(e) motion dated September 15, 2005, Mother raised, for the first time, issues regarding service of process of the complaint and her lack of representation at the merits removal hearing.  We find her Rule 59(e) motion was not timely filed with the family court.  
Rule 59(e) of the South Carolina Rules of Civil Procedure provides that [a] motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.  This motion was filed some ten months after the order was entered on November 17, 2004, and provided to her the following day.  Therefore, the family court correctly denied the motion.  See also Ness v. Eckerd Corp., 350 S.C. 399, 563 S.E.2d 193 (Ct. App. 2002) (holding courts retain jurisdiction to alter judgments for ten days if a motion to alter or amend a judgment is filed; however, after ten days that jurisdiction is lost).
Moreover, Mother includes in her statement of issues on appeal arguments relating to service of process and her lack of appointed counsel at the merits hearing.  However, the first argument in the brief is captioned: Everyone is entitled to due process and the resistance to tyranny is obedience to God. Thomas Jefferson.  This section does not address either issue set out in the statement of issues on appeal.  It appears to be nothing but a recitation of the facts of the case.  Moreover, Mother failed to provide arguments or supporting authority for this assertion.  Thus, the issue is deemed abandoned on appeal.  See e.g., First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting where a party fails to cite authority or where the argument is simply a conclusory statement, the party is deemed to have abandoned the issue).
The second argument in the brief combines the service of process issue and the representation issue into one argument.  Mother contends she was not properly served with the summons and complaint for the removal hearing, and that she was not represented at the removal hearing as required by section 20-7-110(B) of the South Carolina Code (2004).  We hold Mother waived those arguments.
A party waives improper service as a defense by failing to raise the issue in his answer.  Rule 12(h), SCRCP; Garner v. Houck, 312 S.C. 481, 487, 435 S.E.2d 847, 850 (1993).  Here, Mothers answer, filed on November 30, 2004, was silent on the issue of service of process and her lack of representation at the merits hearing.  It was not until her untimely Rule 59(e) motion, filed on September 15, 2005, that Mother formally raised this issue.   Mother simply cannot fail to raise an issue in a responsive pleading filed with the family court, and then seek to raise those issues via a Rule 59(e) motion filed ten months after issuance of the merits order.  
Additionally, Mothers attorney did not raise the issue of her lack of representation until her untimely Rule 59(e) motion.  While we are mindful that Mothers attorney was not appointed to represent her until after the merits hearing had concluded, counsels failure to raise this issue in a timely fashion bars mother from arguing this issue on appeal.  See Clark v. South Carolina Dept of Pub. Safety, 362 S.C. 377, 608 S.E.2d 573 (2005) (holding an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal).
CONCLUSION
For the reasons stated above, the orders of the family court are
 AFFIRMED.
 HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur. 

[1] This motion was captioned motion for rehearing by Mothers counsel.  Both the family court and DSS characterized the motion as a Rule 59(e) motion; however, the motion itself does not reference any of the South Carolina Rules of Civil Procedure.  There is no indication in the argument before the family court that this motion should be construed as a Rule 60 motion to re-open the judgment.
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] It should be noted that in the July 14, 2005 review hearing the family court found Mother was recently hospitalized for trying to commit suicide by overdosing on her diabetes medicine.  Additionally, she had previously been incarcerated for intent to possess crack cocaine.