**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Williams, Jr., Appellant,

v.

Nakia New-Graham, Respondent.

Appellate Case No. 2020-000633

———————

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-010
Submitted December 1, 2022 – Filed January 11, 2023

———————

**DISMISSED**

———————

Dwight Christopher Moore, of Moore Law Firm, LLC, of
Sumter, for Appellant.

Nakia New-Graham, of Sumter, pro se.

———————

**PER CURIAM:** James Williams, Jr. had a brief relationship with Nakia
New-Graham around the time she became pregnant with MMN, who was born in
2009. New-Graham filed a Department of Social Services form alleging Williams
was the father and liable for child support in 2016.

According to the record, a notice of financial responsibility and paternity determination was served at Williams's childhood home address. Williams's sister and brother-in-law lived there. Another notice of financial responsibility and paternity determination was served at the same address a little over a month later. Williams never responded. A default order was served at the same address. Later, an affidavit of service of rule to show cause for lack of payment was served. Again, this was at the same address.

Williams disputes that he was ever validly served with any of these papers. The Social Security Administration started withholding money from Williams's disability checks in 2018. According to Williams, that was when he learned of the child support proceedings. Williams claims he lived in Texas by this time. He subsequently traveled to South Carolina to do a paternity test and claims the results stated there was a 0% chance he is MMN's father.

Williams filed this case in 2019, seeking a court order for a paternity test and an order terminating child support if the test determined he was not the father. He filed a motion for temporary relief, the family court conducted a temporary hearing, and the family court denied Williams relief. The family court noted that several years had passed since the order establishing child support and paternity and stated it thought upholding that order was in MMN's best interest. Williams unsuccessfully sought reconsideration.

This appeal is controlled by the fact that it is from a temporary order. Appeals from temporary orders are not immediately appealable. *See Terry v. Terry*, 400 S.C. 453, 457, 734 S.E.2d 646, 648 (2012) (holding a perceived error in temporary orders from the family court should be redressed at the final hearing and challenges should be made by appeal of the final order (citing *Neville v. Neville*, 278 S.C. 411, 411, 297 S.E.2d 423, 423 (1982)).

If Williams was not validly served with process in the underlying action establishing paternity and child support, he would plainly have a cognizable claim for relief— whether it is styled as relief under Rule 60, SCRCP, or a request for relief in an "independent action." *See Ashburn v. Rogers*, 420 S.C. 411, 416 n.1, 803 S.E.2d 469, 471 n.1 (Ct. App. 2017) (explaining a party may obtain relief from final judgment by motion or by independent action). It is black letter law that "[a] judgment is void if a court acts without personal jurisdiction." *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006); *see also Belle Hall Plantation Homeowner's Ass'n v. Murray*, 419 S.C. 605, 618, 799 S.E.2d 310, 317 (Ct. App. 2017) (finding the master-in-equity properly granted the respondent's Rule 60(b)(4)

motion because the appellant never received notice of the action and the master never had personal jurisdiction over the appellant); *Momani v. Van Surdam*, 296 S.C. 409, 410, 373 S.E.2d 691, 691-92 (Ct. App. 1988) (reversing an order dismissing an action to set aside a default judgment and remanding for the court to consider whether the judgment should be set aside under Rule 60(b)(4) because the appellant was never properly served).

If Williams *had* been served, there are times when courts will not be collaterally estopped from modifying prior paternity determinations under Rule 60(b)(5). *See Mr. T v. Ms. T*, 378 S.C. 127, 139-40, 662 S.E.2d 413, 419-20 (Ct. App. 2008) ("While this court acknowledges the policy consideration which thrives for finality of judgments, the equities of a case may be just as significant in overriding such finality[, which] especially rings true when the issue before the court is a determination of something so fundamental as the identity of a biological parent."); *Ashburn*, 420 S.C. at 415-16, 423-24, 803 S.E.2d at 470-71, 475 (applying Rule 60(b)(5) to grant relief from an order establishing child support and paternity even though paternity had previously been acknowledged).

We regret the delay the premature appeal has caused in this case and hope that additional proceedings on remand will be able to proceed expeditiously. Based on the foregoing, Williams's appeal is

**DISMISSED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.